# UNITED STATES DISTRICT COURT
## Western District of Washington

| | |
|---|---|
| UNITED STATES OF AMERICA<br>V.<br>PHILIP STEVEN HARMON | **JUDGMENT IN A CRIMINAL CASE**<br>(For Offenses Committed On or After November 1, 1987)<br>Case Number: CR99-548P<br><br>Peter Camiel<br>Defendant's Attorney |

☑ FILED  ☑ ENTERED
☐ LODGED ☐ RECEIVED

JUL 24 2000

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY _____ DEPUTY

**THE DEFENDANT:**

**XX**  pleaded guilty to count  **6, 7 & 8 of the Indictment**

____  pleaded nolo contendere to count(s) _____ which was accepted by the court.

____  was found guilty on count(s) _____ after a plea of not guilty.

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 26 USC § 7206(1) | Filing False Tax Returns | | 6,7,8 |

The defendant is sentenced as provided in pages 2 through __6__ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

____  The defendant has been found not guilty on count(s) _____

**XX**  Count(s) __1-5__ are dismissed on the motion of the United States.

**IT IS FURTHER ORDERED** that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

Defendant's Soc. Sec. No.: 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

Defendant's Date of Birth: 12/26/59

Defendant's USM No.: 29393-086

Defendant's Residence Address:
17360 Lakeview Blvd.
Mount Vernon, WA 98274

Defendant's Mailing Address:
Same as Above

STEPHEN C. SCHROEDER
Assistant United States Attorney

July 24, 2000
Date of Imposition of Sentence

Signature of Judicial Officer

THE HONORABLE MARSHA J. PECHMAN
United States District Judge
Name & Title of Judicial Officer

7/25/00
Date

115

(margin annotation: CPIE, MIP, WSMO, WSPO, PTS, 75, JQPM bh)

| | | |
|---|---|---|
| Defendant: | PHILIP STEVEN HARMON | Judgment--Page 2 of 6 |
| Case Number: | CR99-548P | |

# IMPRISONMENT

The Defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of _Fifteen (15) months_.

**X**  The court makes the following recommendations to the Bureau of Prisons: That the defendant be incarcerated at Sheridan Camp

___  The defendant is remanded to the custody of the United States Marshal.

___  The defendant shall surrender to the United States Marshal for this district:

    ___ at ___ a.m./p.m. on _____.
    ___ as notified by the United States Marshal.

**X**  The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    ___ before 2 p.m. on _____.
    ___ as notified by the United States Marshal.
    **X** as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:

_____

_____

Defendant delivered on _____ to _____ at _____, with a certified copy of this judgment.

_____
United States Marshal

By: _____
      Deputy U.S. Marshal

Defendant: PHILIP STEVEN HARMON  
Case Number: CR99-548P  
Judgment--Page 3 of 6

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of _One (1) year_.

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.

The defendant shall not illegally possess a controlled substance.

*For offenses committed on or after September 13, 1994:*

___ The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as directed by the probation officer.

XX The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse. (Check if applicable.)

XX The defendant shall not possess a firearm as defined in 18 U.S.C. § 921. (Check if applicable.)

If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below). The defendant shall also comply with the additional conditions on the attached page (if indicated below):

## SEE ATTACHED SPECIAL CONDITIONS OF SUPERVISION

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer 10 days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance, or any paraphernalia related to any controlled substance, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

| | | |
|---|---|---|
| Defendant: | PHILIP STEVEN HARMON | Judgment--Page 4 of 6 |
| Case Number: | CR99-548P | |

## ADDITIONAL SUPERVISED RELEASE TERMS

1. The defendant shall be prohibited from possessing a firearm or destructive device as defined in 18 U.S.C. § 921.

2. The defendant shall submit to mandatory drug testing pursuant to 18 U.S.C. § 3563(a)(5) and 18 U.S.C. § 3583(d). _____ YES __X__ NO

3. The defendant shall provide his probation officer with access to any requested financial information including authorization to conduct credit checks and obtain copies of his federal income tax returns.

4. The defendant shall maintain a single checking account in his name. The defendant shall deposit into this account all income, monetary gains, or other pecuniary proceeds, and make use of this account for payment of all personal expenses. This account, and all other bank accounts, must be disclosed to the probation office.

5. If the defendant maintains interest in any business or enterprise, he shall, upon request, surrender and/or make available, for review, any and all documents and records of said business or enterprise to the probation office.

6. The defendant shall disclose all assets and liabilities to the probation office. The defendant shall not transfer, sell, give away, or otherwise convey any asset, without first consulting with the probation office.

7. The defendant shall cooperate with and furnish financial information and statements to the Internal Revenue Service to determine all taxes due and owing, including interest and penalties, and shall file any past tax returns in a timely manner. The defendant shall pay in full any outstanding tax liability once assessed, including interest and penalties, or enter into an installment payment plan with the Collection Division of the Internal Revenue Service.

| Defendant: | PHILIP STEVEN HARMON | Judgment--Page 5 of 6 |
|---|---|---|
| Case Number: | CR99-548P | |

# CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth on Sheet 5, Part B.

| | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| **TOTALS:** | $300.00 | $0.00 | $105,802.00 |

____ If applicable, restitution amount ordered pursuant to plea agreement..... $ _____

## FINE

__XX__ The Court finds that the defendant is financially unable and is unlikely to become able to pay a fine and, accordingly, the imposition of a fine is waived.

The above fine includes costs of incarceration and/or supervision in the amount of $ _____

## RESTITUTION

____ The determination of restitution is deferred until _____. An Amended Judgment in a Criminal Case will be entered after such determination.

XX  The defendant shall make restitution to the following payees in the amounts listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportional payment unless specified otherwise in the priority order or percentage payment column below.

| Name of Payee | *Total Amount of Loss | Amount of Restitution Ordered | Priority Order or Percentage of Payment |
|---|---|---|---|
| U.S. Treasury<br>SCCB<br>Ogden, UT 84201 | $105,802.00 | $105,802.00 | |
| **Totals:** | $105,802.00 | $105,802.00 | |

*[handwritten]* This amount is not to be compromised or settled with the IRS for less than $105,802.00.

## INTEREST ON FINES AND RESTITUTION

The defendant shall pay interest on any fine or restitution of more than $2,500.00, unless the fine is paid in full before the fifteenth day after the date of judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 5, Part B may be subject to penalties for default and delinquency pursuant to 18 U.S.C. § 3612(g).

XX  The court has determined that the defendant does not have the ability to pay interest on any fine and/or restitution, and it is ordered that:
    XX  The interest requirement is waived.
    ____ The interest requirement is modified as follows:

*Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

| | |
|---|---|
| Defendant: **PHILIPS STEVEN HARMON** | Judgment--Page 6 of 6 |
| Case Number: CR99-548P | |

# SCHEDULE OF PAYMENTS

Payments shall be applied in the following order: (1) assessment; (2) restitution; (3) fine principal; (4) cost of prosecution; (5) interest; (6) penalties.

Payment of the total fine and other criminal monetary penalties shall be due as follows:

A __XX__      in full immediately; or

B ____      $ _____ immediately, balance due (in accordance with C, D, or E); or

C ____      not later than _____; or

D ____      in installments to commence ____ day(s) after the date of this judgment. In the event the entire amount of criminal monetary penalties imposed is not paid prior to the commencement of supervision, the U.S. probation officer shall pursue collection of the amount due, and shall request the court to establish a payment schedule if appropriate; or

E ____      in _____ *(e.g., equal, weekly, monthly, quarterly)* installments of $ ____ over a period of ____ year(s) to commence ____ day(s) after the date of this judgment.

The defendant will receive credit for all payments previously made toward any criminal monetary penalties imposed.

Special instructions regarding the payment of criminal monetary penalties:

__XX__    MAKE CHECK(S) FOR ALL CRIMINAL MONETARY PENALTIES, INCLUDING SPECIAL ASSESSMENTS, FINES, AND RESTITUTION, PAYABLE TO:

UNITED STATES DISTRICT COURT CLERK, WESTERN DISTRICT OF WASHINGTON. For restitution payments, the Court is to forward money received to U.S. TREASURY. See address on page __5__ of this judgment.

**NOTE**: The following information **must** be exactly as listed below, at the bottom of each check:

SSN: **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, 1040s for 1993, 1994, and 1995, and defendant's phone number (360-422-1764).**

____    The defendant shall pay the cost of prosecution.

____    The defendant shall forfeit the defendant's interest in the following property to the United States:

Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalty payments, except those payments made through the Bureau of Prisons' Inmate Financial Responsibility Program, are to be made as directed by the court, the probation officer, or the United States Attorney.